IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL NEWBERG | |
| vs. | *FILED ELECTRONICALLY* |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al. | CIV. ACTION NO. 2:22-cv-003404 |

**MEMORANDUM OF LAW IN SUPORT OF DEFENDANTS,
DR. STEPHEN WIENER AND WELLPATH, LLC'S MOTION TO
DISMISS PLAINTIFF'S AMENDED COMPLAINT, OR IN THE ALTERNATIVE
MOTION FOR SUMMARY JUDGEMENT**

Defendants, Dr. Stephen Wiener and Wellpath, LLC (hereinafter the "Wellpath Defendants"), by and through their attorneys, Weber Gallagher Simpson Stapleton Fires & Newby LLP, hereby submit the following Brief in Support of their Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or in the Alternative Motion for Summary Judgment.

**I.  STATEMENT OF THE CASE**

On January 24, 2022, Plaintiff, Daniel Newberg, filed a Complaint against several Defendants, including Wellpath, LLC and Dr. Stephen Wiener. An Amended Complaint was thereafter filed on March 21, 2022, which served to introduce the mental health contractor, MHM Services, Inc., and additional mental health providers as Defendants. (ECF No. 7). Within his Amended Complaint, Plaintiff alleges the Defendants, collectively, were negligent and deliberately indifferent to a serious medical need in violation of the Eighth Amendment, when they purportedly failed to address Mr. Newberg's mental health needs, thus permitting Mr. Newberg to attempt suicide on January 23, 2020.

Specifically, Plaintiff alleges that Mr. Newberg suffered from bipolar disorder and depression, with prior suicide attempts, prior to his incarceration. (ECF No. 7, ¶27). As a result, he was prescribed Lexapro, Wellbutrin, and Seroquel for his mental health issues. (*Id*.). On January 14, 2020, Mr. Newberg commenced his incarceration at George Hill Correctional Institution, where he was prescribed Lexapro and Wellbutrin. (*Id*. at ¶ 28). Three days later, on January 17, 2020, he was transferred to the Pennsylvania Department of Corrections at SCI-Phoenix. (*Id*. at ¶ 29). During intake at SCI-Phoenix, Mr. Newberg informed Christine Stickney, Yueheng Han, J. Fernandez, and/or unidentified nurses and doctors of his medical diagnoses, his history of suicide attempts, that he was prescribed Lexapro, Wellbutrin, and Seroquel for his condition, and that if he did not receive these medications, he would become suicidal. (*Id*. at ¶ 30). At that time, Mr. Newberg was advised that he would not be given any medications until he was seen by the prison psychiatrist. (*Id*. at ¶ 32). Although he asked to be seen by the prison psychiatrist immediately, he was told by Christine Stickney, Yueheng Han, J. Fernandez, and/or unidentified nurses and doctors that it would be "days" before he could be seen. (*Id*. at ¶ 3).

Mr. Newberg was then assigned to general population and placed on the block. (ECF No. 7, ¶ 37). While on the block, Mr. Newberg explained to the corrections officers that he was feeling suicidal; however, the corrections officers told him that there was nothing that could be done, and he would just have to wait until he saw the psychiatrist. (*Id*. at ¶¶ 38-39). Additionally, Mr. Newberg explained to Christine Stickney, Yueheng Han, J. Fernandez, and/or unidentified nurses – who performed rounds on his block – that his mental health condition was getting worse and that he needed to see a psychiatrist; however, they allegedly ignored Plaintiff's pleas for assistance. (*Id*. at ¶¶ 40-41).

Six days after arriving to SCI-Phoenix, on January 23, 2020, Mr. Newberg attempted to commit suicide by jumping off the second floor tier onto the concrete floor of the first tier. (ECF No. 7, ¶ 45). Although Mr. Newburg survived this fall, he sustained several serious injuries, including fractured right elbow, fractured left tibia, fractured left hand/wrist/elbow, fractured right orbital bone, fractured nose, and bruised ribs. (*Id.* at ¶ 46).

Importantly, Wellpath, LLC does not employ any of the individuals who are identified by the Amended Complaint as persons who spoke with Mr. Newberg regarding his mental health needs. As stated within the Affidavit of Wellpath, LLC, which is attached hereto and marked as Exhibit "A", Wellpath, LLC does not employ Christine Stickney, Yueheng Han, or J. Fernandez; it does not employ nurses at SCI-Phoenix; and it does not employ mental health providers at SCI-Phoenix. Additionally, while Dr. Stephen Wiener (an employee of Wellpath, LLC) is named in this lawsuit, he is named solely due to his role as Site Medical Director. Plaintiff does not state that Dr. Wiener was involved in any aspect of Mr. Newberg's medical care.

Moving Defendants now move to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to articulate the personal involvement of Dr. Stephen Wiener, Wellpath, LLC and/or its employees. Alternatively, Moving Defendants ask that this Court convert their Motion into a Motion for Summary Judgment so that the Affidavit of Wellpath, LLC may be considered.

### III. ARGUMENT

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party, in responding to a pleading, may file a Motion to raise the defense of "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) Motion, the Court must take all the well-pleaded facts in the Complaint and view them in the light most favorable to the Plaintiff. *Jenkins v. McKeithen*,

395 U.S. 411, 421 (1969). The Complaint must contain sufficient information to provide the elements of the claim or to permit inferences to be drawn as though those elements exist. *Kost v. Kozakiewicz*, 1 F.3d 176 (3d Cir. 1993).

The Court should not assume, however, that the Plaintiff can prove fact that he has not alleged. *Associated Gen'l Contractors of California v. California State Council of Carpenters*, 559 U.S. 519, 526 (1993). If "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," then the Complaint should be dismissed. *Hison v. King & Spalding*, 467 U.S. 69, 73 (1994).

### A. PLAINTIFF'S 42 U.S.C. §1983 CLAIMS (COUNTS I AND III OF THE AMENDED COMPLAINT) MUST BE DISMISSED WHERE HE HAS FAILED TO ALLEGE THE PERSONAL INVOLVMENT OF DR. STEPHEN WIENER, WELLPATH, LLC AND/OR ITS EMPLOYEES.

The Wellpath Defendants should be dismissed from this action because the Amended Complaint fails to articulate specific facts suggesting the personal involvement of Dr. Stephen Wiener, Wellpath, LLC, or Wellpath, LLC's employees in the mental health treatment of Mr. Newberg. It is well-established that personal liability under § 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362, 368 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). It is also well-settled in the Third Circuit that the defendant's personal involvement in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Hampton*, 546 F.2d at 1082; *see also Riddick v. Modeny,* 250 F. App'x 482, 483-84 (3d Cir. 2007) (affirming district court's granting of private health care provider's motion to dismiss where court found "absent any allegation from which the court could infer Prison Health Services' direct involvement in the alleged deprivation of [the plaintiff's] constitutional rights, it was not liable on a theory of *respondeat superior*."). Each named Defendant must be shown,

through the Complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Third Circuit stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode*, 845 F.2d at 1207 (citations omitted). Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *Id.* at 1208.

In the instant matter, the Amended Complaint does not allege any personal involvement of Dr. Wiener or Wellpath, LLC in Plaintiff's mental health treatment, nor does the Amended Complaint suggest that the acts complained of were done with Moving Defendants' actual knowledge and acquiescence. Rather, Plaintiff's claims are built upon the hypothesis that Wellpath, LLC and/or Dr. Wiener ***should have*** been aware of the deficiencies in Mr. Newberg's mental health care due to their role as the contract *medical* provider. Importantly, Wellpath, LLC was not the contract *mental health* provider and, as a result, it did ***not*** (1) employ mental health providers at SCI-Phoenix; (2) prescribe and/or dictate mental health treatment to inmates at SCI-Phoenix; (3) provide mental health services to inmates at SCI-Phoenix; and/or (4) oversee the mental health care of inmates at SCI-Phoenix. (*See* Affidavit of Tina McCullough, on behalf of Wellpath, LLC, which is attached hereto as Exhibit "A"). Indeed, Plaintiff identifies numerous individuals who failed to provide Mr. Newberg with appropriate mental health treatment and/or who failed to appreciate Mr. Newberg's propensity for suicide; however, none of those individuals were employees of Wellpath, LLC. (Exhibit "A" at ¶¶ 5-6). Specifically, Wellpath, LLC did not

employ Christine Stickney, Yueheng Han, or J. Fernandez; it did not employ nurses at SCI-Phoenix; and it did not employ mental health providers at SCI-Phoenix. (ECF No. 7, ¶¶ 30-44).

Similarly, the recently deceased Dr. Stephen Wiener was named as a Defendants solely due to his role as the Site Medical Director at SCI-Phoenix. However, as the Site Medical Director, Dr. Wiener was responsible for overseeing the Wellpath, LLC *medical* providers, *not* the mental health providers. He was not a licensed psychiatrist, and did not (1) prescribe and/or dictate mental health treatment to inmates at SCI-Phoenix; (2) provide mental health services to inmates at SCI-Phoenix; and/or (3) oversee the mental health care of inmates at SCI-Phoenix. *See* Exhibit "A" at ¶ 7. However, even if he had, the mere allegation that Dr. Wiener served in a supervisory position within the prison is not sufficient to support an Eighth Amendment claim. *See Rode*, 845 F.2d at 1208. Moreover, alleging a mere hypothesis that an individual defendant may have had personal knowledge in depriving Plaintiff of his rights is insufficient to establish personal involvement. *Id*.

Here, Plaintiff has failed to specifically aver the personal involvement and/or *actual* knowledge of Dr. Stephen Wiener, Wellpath, LLC, or its employees in the alleged deficiencies that led to Mr. Newberg's injuries. Therefore, Counts I and III of the Amended Complaint must be dismissed as a matter of law.

### B. COUNT IV (NEGLIGENCE) OF PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED.

In Count IV of his Amended Complaint, Plaintiff states that Wellpath, LLC was negligent.[1] ECF No. 7, Count IV. Notwithstanding, Plaintiff fails to identify the involvement of Wellpath, LLC or its employees in the mental health care of Plaintiff and, indeed, Wellpath was not the mental health contractor at SCI-Phoenix.

---

[1] Plaintiff has not asserted that Dr. Wiener is negligent under Count IV of the Amended Complaint.

Pa. R.C.P. 1036 and 40 P.S. § 1303.506 provide a mechanism for the dismissal of a party to a medical professional liability action, when that, party is not involved in the care at issue, through the filing of an Affidavit of Non-Involvement. Specifically, 40 P.S. § 1303.506(a) provides:

> Any health care provider named as a defendant in a medical professional liability action may cause the action against that provider to be dismissed upon the filing of an affidavit of non involvement with the court. The affidavit of non involvement shall set forth with particularity the facts which demonstrate that the provider was misidentified or otherwise not involved, individually or through its servants or employees, in the care and treatment of the claimant and was not obligated, either individually or through its servants or employees to provide for the care and treatment of the claimant.

*See* 40 P.S. § 1303.506(a). Additionally, Pa. R.C.P. 1036 allows for the dismissal of the action as to a party who has filed a Motion to Dismiss with the requisite Affidavit of Non-Involvement attached. *See* Pa. R.C.P. 1036.

Importantly, Wellpath, LLC does not dispute that, as the contract ***medical provider*** for the Pennsylvania Department of Corrections, its employees provided ***medical*** care to Mr. Newberg. However, this lawsuit does not pertain to his ***medical*** care. Rather, Plaintiff is critical of the care Mr. Newberg was provided for his ***mental health issues***. Because Wellpath, LLC is not the mental health provider at SCI-Phoenix, and does not employ any mental health providers at SCI-Phoenix, it is believed and averred that Wellpath, LLC was misidentified.

Because Wellpath, LLC made no decisions regarding the mental health treatment of Mr. Newberg, under Pennsylvania law, this Defendant must be dismissed pursuant Pa. R.C.P. 1036; 40 P.S. §1303.506.

## IV. CONCLUSION

For the reasons stated above, Defendants, Dr. Stephen Wiener and Wellpath, LLC, respectfully request that Plaintiff's Amended Complaint be dismissed.

                          Respectfully submitted,

                          **WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP**

By: _____
      Caitlin J. Goodrich, Esquire #209256
      cgoodrich@wglaw.com
      2000 Market Street, 13th Floor
      Philadelphia, PA  19103
      (215) 972-7900

      Attorney for Defendants,
      Dr. Stephen Wiener and Wellpath, LLC

Date:  March 30, 2022

## **CERTIFICATE OF SERVICE**

      I, Caitlin J. Goodrich, Esquire, hereby certify that on this date a true and correct copy of the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** was sent via ECF to all counsel of record.

 

                                                                                                    Caitlin J. Goodrich, Esquire

Date: March 30, 2022