IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL NEWBERG | : | |
| | : | No.  22-cv-304-JMY |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.* | : | |

**Memorandum**

**Younge, J.**                                                                                                              October 28, 2022

Currently before the Court is a motion to dismiss the Amended Complaint for failure to state a claim or in the alternative motion for summary judgment filed by Stephen Wiener, M.D., and Wellpath, Inc. (Wellpath Defendants' MTD, ECF No. 9), a motion to dismiss Plaintiff's Amended Complaint filed by MHM Correctional Services, LLC, and Yueheng Han, M.D. (MHM Defendants' MTD, ECF No. 21.), and a motion to dismiss for lack of jurisdiction & motion to dismiss the Amended Complaint for failure to state a claim filed by Defendants, Pennsylvania Department of Correction, Jamie Sorber, Christine Stickney, and Jennifer Fernandez.  (DOC Defendants' MTD, ECF No. 27.)

The Court finds this matter appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons set forth below, the Defendants' motions will be granted in part and denied in part.

**I.        FACTUAL BACKGROUND:**

Plaintiff has a history of mental health issues including bipolar disorder, depression, and prior suicide attempts.  (Amended Complaint, "Am. Compl." ¶ 27, ECF No. 7.)  Plaintiff was previously prescribed Lexapro, Wellbutrin, and Seroquel to treat those mental health issues. (*Id.*)  On January 14, 2020, Plaintiff was sent to George Hill Correctional Facility where he was

prescribed Lexapro and Wellbutrin, not Seroquel.  (*Id.* ¶ 28.)  On January 17, 2020, Plaintiff was transferred into DOC custody at SCI Phoenix.  (*Id.* ¶ 29.)

During intake at SCI-Phoenix, Plaintiff informed one or more unknown persons, possibly including Defendant Stickney and/or Fernandez and/or other defendants, that he suffered from bipolar disorder, depression, and a history of suicide attempts.  (*Id.* ¶ 30.)  He also informed those unknown persons, possibly including Defendant Stickney and/or Fernandez, that he had previously been prescribed Lexapro, Wellbutrin, and Seroquel for his condition, and that if he did not receive the aforementioned medicines on a daily basis, he became suicidal.  (*Id.*)  At that time, those unknown persons, possibly including Defendant Stickney and/or Fernandez, informed Plaintiff that they could not give him any of the three medications until he was seen by the prison psychiatrist.  (*Id.* ¶ 32.)  Plaintiff then requested to see the prison psychiatrist immediately, but was informed by those unknown persons, possibly including Defendant Stickney and/or Fernandez, that it would be days before he could see the prison psychiatrist.  (*Id.*)

Following intake, Plaintiff was assigned to be housed in general population.  (*Id.* ¶ 37.)  While on his block, Plaintiff informed corrections officers on a nightly basis that he needed to see the doctor because he was bipolar and needed his medicine, and that he was becoming suicidal.  (*Id.* ¶ 36.)  Plaintiff also informed unknown medical or mental health personnel who visited the block, possibly including Defendant Stickney and/or Fernandez, that his condition was getting worse and he needed to see the Doctor to get his medication because he was becoming suicidal.  (*Id.* ¶ 40.)

On January 23, 2020, six days after Plaintiff entered SCI-Phoenix, he attempted to commit suicide by jumping off the second-floor tier of the block onto the concrete first floor.

(*Id.* ¶ 45.)  At that time, Plaintiff had not yet been seen by the prison psychiatrist.  (*Id.* ¶ 43.)  Plaintiff suffered serious injury from the incident, including multiple broken bones.  (*Id.* ¶ 46.)  He now brings this personal injury action against the aforementioned defendants.

## II.  LEGAL STANDARD:

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss.  *Id*. at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Iqbal*, 556 U.S. at 678).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Iqbal*, 556 U.S. at 678).  Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "[the district court] must tak[e] note of the elements [the] plaintiff must plead to state a claim;" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

### III. DISCUSSION:

### A. Motion to Dismiss for Lack of Jurisdiction & Motion to Dismiss for Failure to State a Claim filed by Defendants the Pennsylvania Department of Corrections, Jamie Sorber, Christine Stickney, and Jennifer Fernandez. (ECF No. 27.)

The DOC Defendants argue that claims asserted by the Plaintiff should be dismissed based on the applicable two-year statute of limitations. They also argue that Plaintiff fails to plead sufficient facts to state a claim under 42 U.S.C. § 1983 against Defendant Jamie Sorber. Finally, they argue that sovereign immunity bars Plaintiff's claim for medical malpractice brought against the Department of Corrections.

The Court rejects that statute of limitation defense asserted by Defendants in their motion to dismiss. The Court finds that the claims asserted by the Plaintiff are not barred by the statute of limitation defense stated in Defendants' motion. In their pleadings, the Parties appear to agree that this matter is governed by a two-year statute of limitations for Pennsylvania personal injury actions. For claims brought under 42 U.S.C. § 1983 originating in Pennsylvania, courts look to 42 Pa. C.S. § 5524(2), which provides that the statute of limitations for a personal injury action is two years. *See Getchey v. County of Northumberland*, 120 Fed. App'x. 895, 897-98 (3d Cir. 2005); *Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000) (applying the Pennsylvania two-year statute of limitations to a claim alleging violation of plaintiff's federal civil rights); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78 (3d Cir. 1989); *Knoll v. Springfield Township School District*, 763 F.2d 584 (3d Cir. 1985).

Defendants argue that this action should be dismissed because it was filed one day after the statute of limitations expired. (DOC Defendants' MTD page 7.) In support of their argument, they cite to the fact that Plaintiff alleges to have attempted to commit suicide on January 23, 2020 (Am. Compl. ¶ 45), but then waited until January 24, 2022 to file his original

Compliant.  (Complaint, ECF No. 1.)  Defendants fail to point out that January 24, 2022 was a Sunday, and the original complaint was filed on Monday, January 24, 2022.  The method for counting time in federal court is established by Fed. R. Civ. P. 6.  Pursuant to Fed. R. Civ. P. 6(a)(1)(C), "if the last day is a Saturday, Sunday, or legal holiday the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Accordingly, Plaintiff had until Monday, January 24, 2022 to file a timely complaint.

In response to Defendants' motion to dismiss, Plaintiff indicates that he does not oppose Defendants' motion as it pertains to Defendant Jamie Sorber.  Therefore, the Court will grant Defendants' motion in this regard and dismiss Plaintiff's 42 U.S.C. § 1983 claim against Jamie Sorber in count one of the Amended Complaint.  (Am. Compl. ¶¶ 51-55.)  Plaintiff also indicates that he does not oppose dismissal of his medical malpractice claim against the Department of Corrections.  Therefore, the Court will dismiss the medical malpractice claim found in count IV of Plaintiff's Amended Complaint.  (Am. Coml. ¶¶ 70-74.)

**B.      Motion to Dismiss the Plaintiff's Amended Complaint filed by MHM Correctional Services, LLC, and Yueheng Han, M.D.  (ECF No. 21.)**

The MHM Defendants argue that claims asserted by the Plaintiff should be dismissed based on the applicable two-year statute of limitations.  They further argue that the "relation back doctrine" found in Fed. R. Civ. P. 15(c) does not prevent Plaintiffs' claims against them from being time-barred.  Finally, they argue that Plaintiff's Fourteenth Amendment Claims should be dismissed from this action as duplicative of his Eighth Amendment claims.

The Court rejects that statute of limitation defense asserted by Defendants in their motion to dismiss.  The Court further finds that the relation back doctrine found in Fed. R. Civ. P. 15(c) saves Plaintiff's claims from dismissal.  The main thrust of MHM Defendants' argument arises from the fact that they were not a named party to this action in the original Complaint.  Instead,

they were added as a party nearly two months later when Plaintiff filed his Amended Complaint on March 21, 2022.  Therefore, they argue that they were not joined to this action until almost two months after the statute of limitations expired.  MHM Defendants go on to argue that they were not aware of the pending litigation and not placed on notice of the litigation within the applicable time-period establish by Fed R. Civ. P. 15(c)(B)(C).

The argument made by MHM Defendants in their motion to dismiss fails to acknowledge the time allocated for service of process under Fed. R. Civ. P. 4(m) and incorporated into Fed. R. Civ. P. 15(c)(B)(C).  Fed R. Civ. P. 15(c) reads in relevant part:

> *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when … (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

When interpreting Fed. R. Civ. P. 15(c), a district court located in this jurisdiction wrote that "The party sought to be added must have received notice of the action and known that it was the proper party within the statute of limitations plus the [90-day] period provided for service of the complaint under Federal Rule of Civil Procedure 4(m)."  *Revelle v. Trigg*, No. 95-5885, 1999 U.S. Dist. LEXIS 382, *17 (E.D. Pa. June 19, 1999); see also *Robinson v. SEPTA*, 572 F. Supp. 3d 136 (E.D. Pa. November 16, 202) ("For relation back under Rule 15(c)(1)(C ) – the only subsection the Robinsons argue permits relation back – the Robinsons must show "within the [90-day] period provided by Rule 4(m) for serving the summons and complaint," Amtrak "received such notice of the action that it will not be prejudice in defending on the merits.").

A review of the docket indicated that MHM Correctional Services, LLC, received the wavier of service on March 30, 2022 and it was returned as executed on April 7, 2022. (ECF No. 11.) The same holds true for Yueheng Han, M.D. (ECF No. 13.) Therefore, the MHM Defendants had notice of the action filed against them within 65 days after the statute of limitations expired. The Court rejects any argument that the MHM Defendants will suffer prejudice when they had timely notice of the claims being brought against them. Furthermore, the Amended Complaint asserts claims that are related to the conduct, transaction, or occurrence described in original Complaint. Given the similarity between the operative facts set forth in both pleadings, the Court finds that the requirements of Fed R. Civ. P. 15(c)(B) are satisfied.

Therefore, the MHM Defendant motion to dismiss based on the statute of limitation will be denied. In response to MHM Defendants' motion to dismiss, Plaintiff indicates that he does not oppose dismissal of his Fourteenth Amendment claims. Therefore, the Court will grant Defendants' motion as uncontested in regard to his Fourteenth Amendment claims brought against the MHM Defendants and it will dismiss those claims from this action.

C.  **Motion to Dismiss for Failure to State a Claim filed by Stephen Wiener M.D. and Wellpath, Inc. (ECF No. 9.)**

The Wellpath Defendants have filed a partial motion to dismiss in which they seek dismissal of Plaintiff's Eighth Amendment deliberate indifference claim brought under 42 U.S.C. § 1983 (Am. Compl. ¶¶ 51-55 (Count I)), *Monell* claim (*Id.* ¶¶ 61-69 (Count III)), and medical malpractice claim. (*Id.* ¶¶ 70-73.) The Wellpath Defendants essentially argue that claims asserted against them should be dismissed because they were not involved in providing mental healthcare to Plaintiff. However, they admit that they were under contract to provide healthcare service for the Pennsylvania Department of Correction and that they provided healthcare to Plaintiff during the relevant time period leading up to his attempted suicide. (Wellpath

Defendants' MTD page 7.)  They argue that claims brought under the Eighth Amendment for deliberate indifference, the *Monell* Claim and the medical malpractice claim cannot go forward because Plaintiff has failed to establish their personal involvement in the facts giving rise to this litigation – that they provided mental healthcare to Plaintiff.

The Wellpath Defendants' involvement in this personal injury action presents what is really a factual question that would be more suited for resolution at the summary judgment stage of litigation than at the present stage on motion to dismiss.  The issue of whether the healthcare provided encompassed mental healthcare treatment in this instance would appear to require an analysis which involves segmenting Plaintiff's mental health condition from his physical health in conjunction with Defendants' varying duties – an analysis which potentially requires review of the record by expert witnesses to offer an opinion as to Plaintiff's condition along with the Wellpath Defendants' duty and standard of care.  Furthermore, the specific service that the Wellpath Defendants' were contractually obligated to provide could also be placed at issue in this litigation.

Given the complexity of the issues involved, the Court will decline to exercise its discretion to convert the motion to dismiss into a motion for summary judgment, as the Wellpath Defendants have invited the Court to do.  The district court "has discretion to either convert the motion to dismiss into a motion for summary judgment, or to ignore the matters presented outside the pleadings and continue to treat the filing as a motion to dismiss." *Ribaudo v. Desimone*, 2019 U.S. Dist. LEXIS 60036, at *13 (M.D. Pa. April 5, 2019) ("conversion is particularly inappropriate" where there has not been a reasonable opportunity for discovery.); *E.L. du Pont de Nemours & Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)

(holding conversion "is not appropriate where the parties have not had an opportunity for reasonable discovery."); *Kurdyla v. Pinkerton Sec.*, 197 F.R.D. 128, 131 (D.N.J. 2000).

In response to MHM Defendants' motion to dismiss, Plaintiff has indicated that he does not oppose the motion to dismiss as it pertains to Stephen Wiener, M.D. Therefore, the Court will enter an order dismissing Dr. Wiener from this action.

## IV. CONCLUSION:

For these reasons, the Defendants' motions to dismiss will be granted in part and denied in part. An appropriate order will be entered by the Court.

BY THE COURT:

  /s/ John Milton Younge
Judge John Milton Younge